UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE OWENS,

                Plaintiff,                Case Number: 2:17-cv-13690
                                                          HON. VICTORIA A. ROBERTS

v.

CRAIG PRETZNOW, ET AL.,

                Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I.    Introduction

Plaintiff Eddie Owens, presently incarcerated at the Oakland County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983. He names three defendants: two Oakland County Jail law librarians (defendants Pretznow and Larry); and a Captain with the Oakland County Sheriff's Department (defendant Childs). Plaintiff claims that defendants denied him his right of access to the courts, retaliated against him for exercising his First Amendment rights, engaged in a conspiracy to retaliate against him, and caused him emotional, physical and mental distress. Plaintiff seeks injunctive, declaratory, and monetary relief. The complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### II.    Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short

and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff was granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. See 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. Discussion

#### A. Right of Access to the Courts Claim

First, Plaintiff argues he was denied access to the courts.  He claims defendants limited his access to the law library and failed to provide him with requested legal materials, hindering his ability to defend against the criminal charges which landed him in jail.

Prisoners have a constitutionally-protected right of access to the courts under the First and Fourteenth Amendments.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).  There is no generalized "right to litigate" which is protected by the First Amendment, and "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).  An access to the courts claim has "unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost."

*Brown v. Matauszak*, 415 Fed. App'x 608, 612 (6th Cir. 2011). A complaint is insufficient to meet this pleading standard "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 557. Moreover, "[i]n order to state a claim for interference with access to the courts, ... a plaintiff must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005), *citing Thaddeus-X*, 175 F.3d at 394.

Plaintiff is represented by counsel in the state court criminal proceeding. *See* Complaint at 3, ECF No. 1, Pg. ID 3. A prisoner who is represented by counsel has no freestanding right to access a jail law library. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 351, quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977). A prisoner's right of access to the courts is fully protected "when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, *or* the assistance of legally trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (emphasis supplied), citing *Bounds*, 430 U.S. 817; *Avery v. Johnson*, 393 U.S. 483 (1969). Plaintiff acknowledges he was represented by counsel in his criminal case. His right of access to the courts was adequately protected.

### B. Retaliation Claim

Plaintiff argues that defendants retaliated against him for "assisting every inmate in cell block C-1-B with their court cases" by denying him access to legal materials.

4

Comp. at 3, ECF No. 1, Pg. ID 3.

To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) he engaged in protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct, and (3) there is a casual connection between the first two elements, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The adverse action must be one that would deter a person of ordinary firmness from the exercise of the right at stake, which here is the filing of grievances against prison officials. *Id.* at 396. A plaintiff must also be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Plaintiff was not engaged in protected conduct when he helped others prisoner on his cell block with their court cases. It is well established that "an inmate does not have an independent right to help other prisoners with their legal claims." *Thaddeus-X*, 175 F.3d at 395, citing *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Instead, a "jailhouse lawyer's right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts; prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court." *Id.* To show a derivative right, Plaintiff is required to allege facts that would establish

that his assistance was "necessary" to ensure the other prisoners access to the courts. *Thaddeus-X*, 175 F.3d at 395; *Gibbs*, 10 F.3d at 379.

Plaintiff has not alleged that his assistance in particular was necessary for the other prisoners on his block to pursue legal redress. *Cf. King v. Zamiara*, 150 Fed. App'x 485, 492-493 (6th Cir. 2005) (unpublished) (summary judgment in favor of defendant inappropriate where plaintiff offered evidence showing he was an appointed representative to whom prison officials told other inmates to turn for the resolution of grievances and where plaintiff submitted affidavits from other prisoners in which they stated that they were uneducated in the law and they would not have been able to seek legal redress without plaintiff's help).

Plaintiff, was not engaged in protected conduct and he fails to state a facially valid retaliation claim.

### C. Conspiracy Claim

Plaintiff claims the defendants conspired to deny him access to legal materials in retaliation for the assistance he provided other inmates on their court cases.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012), quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). A plaintiff must plead a conspiracy with particularity; vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy,"

not merely a "possible" one). Absent an unlawful action causing injury, a plaintiff cannot prove the elements required to support a claim for conspiracy. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff failed to assert a colorable claim that defendants retaliated against him; he cannot sustain a conspiracy claim. *See Graham v. City of Mentor*, 118 Fed. App'x 27, 32 (6th Cir. 2004) (affirming dismissal of conspiracy claim where plaintiffs failed to show viable underlying retaliation claim).

### D. Emotional, Physical and Mental Distress Claim

Finally, Plaintiff asserts a conclusory, unsupported claim of emotional, physical, and mental distress. Plaintiff fails to provide support for this claim; it will be denied.

## IV. Conclusion

**IT IS ORDERED** that the complaint is **DISMISSED.**

The Court finds an appeal would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

                                      S/Victoria A. Roberts
                                      VICTORIA A. ROBERTS
                                      UNITED STATES DISTRICT JUDGE

Dated: February 28, 2018